UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TANVEER S. MAJID,

    Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY (CIA),

    Defendant.

Civil Action No. TDC-20-2886

**ORDER**

On October 6, 2020, Plaintiff Tanveer S. Majid filed the above-captioned Complaint together with a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1, 2.

Turning first to the Motion for Leave to Proceed In Forma Pauperis, Majid appears indigent, so the Motion shall be granted. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or

in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

Because Majid is proceeding *in forma pauperis*, the Court must screen the Complaint to determine if the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Majid alleges that the Defendant Central Intelligence Agency ("CIA") has engaged in "harassment, stalking and surveillance" of him "twenty-four (24) hours a day, seven (7) days a week" by means of "gang stalking," which he asserts involves a nationwide conspiracy to subject individuals to constant physical and electronic surveillance. Compl. ¶¶ 6–7. Majid claims that this stalking began when he was followed by a woman who was "humming in a loud manner," behavior he asserts has been repeated "in an exact manner by dozens of other individuals at various other locations." *Id.* ¶ 8. Majid also alleges that the CIA has begun to engage in "frequency harassment," which involves being assaulted through radio and microwave frequencies that he can hear but "which are imperceptible to others." *Id.* ¶ 9.

Majid's Complaint, even construed liberally, cannot provide any basis for relief. Majid's bare allegations that the CIA is engaged in constant harassment of him through gang stalking and through the broadcasting of frequencies perceptible only to him are implausible and incredible. Because Majid's allegations have no basis in fact, this case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 327.

Accordingly, it is hereby ORDERED that

1. Majid's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2., is GRANTED.

    2. Majid's Complaint is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to close this case.

Date: April 6, 2021

THEODORE D. CHUANG
United States District Judge